UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICARDO VEGA,

        Petitioner,

vs.                                Case No. 8:05-CV-711-T-27TBM
                                   Crim. Case No.  8:02-CR-117-T-27TBM

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate or Set Aside Sentence filed pursuant to 28 U.S.C. § 2255 (Dkt. 1). Petitioner challenges the judgment and sentence imposed after he pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. Petitioner contends that the Court imposed a sentence in excess of the statutory maximum and that he received ineffective trial and appellate counsel. For the following reasons, the motion is DENIED.

Petitioner was charged by Indictment with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (Count One), and distribution of 50 grams or more of methamphetamine (Count Two). (Crim. Dkt. 1). Pursuant to a written plea agreement (Crim. Dkt. 37), Petitioner pleaded guilty to Count One, conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(viii). (Crim. Dkts. 36, 37). On June 17, 2003, he was sentenced to 132 months imprisonment as to Count One. (Crim. Dkts. 58, 59). Pursuant to the Plea Agreement, Count Two was dismissed at the time of sentencing. (Crim. Dkts. 58, 59).

-1-

Petitioner contends that his sentence exceeded the statutory maximum, contending that the maximum sentence for his offense of conviction was "no more than five years." Petitioner relies on 21 U.S.C. § 841(b)(1)(B). Essentially, Petitioner argues that for purposes of statutory maximum sentences, there is a distinction between powder and liquid methamphetamine. He contends that the substance he conspired to possess, powder methamphetamine, is subject to a maximum five year sentence as a Schedule III(a)(3) substance.

Petitioner's argument was never presented to the district court. Moreover, the argument is frivolous. Petitioner pled guilty to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine. Pursuant to 21 U.S.C. § 841(b)(1)(A)(viii), the statutory penalty is not less than ten years or more than life for conspiracy to possess with intent to distribute fifty grams or more of methamphetamine. The statute makes no distinction between powder and liquid methamphetamine. Petitioner's sentence of 132 months is well within the statutory maximum for the offense of conviction.

Petitioner's claims of ineffective assistance of trial and appellate counsel are likewise frivolous. He contends that this attorneys failed to investigate the law concerning powder methamphetamine and the distinction between powder and liquid methamphetamine. As the statutes prescribing penalties for offenses relating to 50 grams or more of methamphetamine do not distinguish between powder and liquid, there was nothing counsel could have or should have investigated. An attorney does not render ineffective assistance of counsel by failing to raise frivolous claims or investigate non-meritorious claims and defenses. *Chandler v. Moore,* 240 F.3d 907, 917-18 (11th Cir. 2001) (counsel not ineffective for failing to raise a nonmeritorious issue), *citing United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000); *Card v. Dugger,* 911 F.2d 1494, 1520 (11th Cir. 1990).

-2-

Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Dkt. 1) is

DENIED.  All pending motions are DENIED as moot.  The Clerk is directed to close this case.[1]

**ORDERED AND ADJUDGED** .

**DONE AND ORDERED** in chambers this _27th_ day of June, 2006.

<del>JAMES</del> **S D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner/pro se
Counsel of Record

---

[1] The motion to vacate appears to be timely.  Petitioner's appeal was dismissed on January 30, 2004.  His ninety days within which to seek certiorari review with the United States Supreme Court expired on April 30, 2004.  His motion to vacate (Dkt. 1) was signed on April 8, 2005 and filed with the Clerk of Court on April 12, 2005, within one year of that date.